UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DANIEL R. ROGERSON-WISE, *Pro Se*, | ) | Case No.: 1:23 CV 1838 |
| Plaintiff, | ) | |
| | ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) | |
| CUYAHOGA COUNTY JAIL, *et al.*, | ) | MEMORANDUM OF OPINION AND ORDER |
| Defendants. | ) | |

*Pro se* Plaintiff Daniel R. Rogerson-Wise filed this action against the Cuyahoga County Jail and Metro Hospital. In the Complaint, Plaintiff lists multiple challenges to conditions in the jail. He asks this Court to award him one million dollars in damages.

**Background**

Plaintiff's Complaint lists six claims, some of which have multiple subparts. First, he claims that upon his arrival at the jail, Corrections Officer Brown took 12 of his gold teeth. Plaintiff alleges they have not been seen since that were taken; however, Plaintiff is still incarcerated in the jail. Second, Plaintiff claims a jail physician placed him on a medication called Doxypin. He thinks this medication is dangerous and unnecessary. Third, Plaintiff contends there are no medical emergency buttons in the cells. He alleges he fell and had a bad seizure. Fourth, he alleges he was denied showers for a week at a time causing him to contract a Methicillin-Resistant Staphylococcus Aureus (MRSA) infection. He claims one of the nurses lied about providing him with proper wound care.

Fifth, he claims that he was forced to give up his bottom bunk assignment against doctor's orders and was given a top bunk instead. He contends he slept on the floor. Finally, Plaintiff claims he was denied telephone calls and access to a law library because he lost his electronic tablet. He contends the jail keeps weekly "red zones." He cites 42 U.S.C. § 1983 for civil rights violations and asserts claims for fraud and medical malpractice. He seeks one million dollars in damages.

## Standard of Review

A District Court is expressly authorized to dismiss any civil action filed by a prisoner seeking relief from a governmental entity, as soon as possible after docketing, if the Court concludes that the Complaint fails to state a claim upon which relief may be granted, or if the Plaintiff seeks monetary relief from a Defendant who is immune from such relief. 28 U.S.C. §1915A; *Siller v. Dean*, No. 99-5323, 2000 WL 145167, at *2 (6th Cir. Feb. 1, 2000); *see Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (citing numerous Supreme Court cases for the proposition that attenuated or unsubstantial claims divest the district court of jurisdiction); *In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir. 1988) (recognizing that federal question jurisdiction is divested by unsubstantial claims).

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Twombly*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers

legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

## Analysis

As an initial matter, Plaintiff has not identified a Defendant against whom any of his potential federal claims can be bought. A County Jail is not *sui juris*, meaning it is not a legal entity under Ohio law that can sue or be sued. *See Carmichael v. City of Cleveland*, 571 F. App'x 426, 435 (6th Cir. 2014) (finding that "under Ohio law, a county sheriff's office is not a legal entity that is capable of being sued"); *Gerald v. Akron Bar Assn.*, No. 5: 18 CV 414, 2018 WL 2985142, at *2, (N.D. Ohio June 14, 2018) (finding the Summit County jail is not *sui juris* and therefore lacks the capacity to be sued); *Jackson v. Mowry*, No. 1:12 CV 3083, 2013 WL 526916, at *3 (N.D. Ohio Feb. 11, 2013); *Boggs v. Miami Cty. Jail*, No. 3:11 CV 00122, 2011 WL 3813079, at *2 (S.D. Ohio Aug. 9, 2011) (a county jail "is merely an administrative vehicle" by which a county operates and therefore "lacks the capacity to be sued"). As a consequence, Plaintiff's claims against the Cuyahoga County Jail fail as a matter of law.

In addition, Plaintiff fails to allege any facts that pertain to Metro Hospital. He merely states that they work inside the prison. That allegation is insufficient to state a claim upon which relief may be granted.

To the extent Plaintiff seeks to hold Metro Hospital liable for decisions made by medical personnel in the prison, he still fails to state a claim against this Defendant. Government entities and officials may not be held liable for the unconstitutional conduct of their subordinates under the

theory of *respondeat superior*." *Iqbal*, 556 U.S. at 676. Consequently, unless the Plaintiff's Complaint affirmatively pleads the direct involvement of the Defendant in the allegedly unconstitutional action, the Complaint fails to state a claim against that Defendant and dismissal is warranted. *See Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). As Plaintiff has not alleged any wrong-doing by Metro Hospital, he fails to state a claim upon which relief may be granted against that Defendant.

## Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915A. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

*/S/ SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

December 7, 2023

---

[1] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.

4